Bunker *v.* Shed.

---

## WILLIAM BUNKER *vs.* ZACHEUS SHED.

In an action against an officer for not returning an execution, the docket of the attorney who took out the execution, containing an entry that it was delivered to the officer on a certain day, and his testimony that the entry was in his hand-writing, and that he should not have made it unless he had delivered the execution, or had known of its delivery to the officer, are competent evidence to prove that the execution was so delivered, although the attorney testifies that he has no recollection of making the entry or delivering the execution.

The date of a writ is, *primâ facie*, the commencement of an action, though the date is only a day or two before the action would be barred by the statute of limitations, and though the writ is not served until several weeks after its date, and no reason is shown for the delay.

TRESPASS upon the case. The writ was dated March 8th 1841, and was served May 31st 1841. The declaration alleged that the plaintiff recovered judgment, at the December term of the court of common pleas, in 1834, against H. K. Breed and M. Lovering, for $24 costs of suit; that he took out execution on said judgment, on the 16th of February 1835, directed to the constables of Lowell, and returnable on the second Monday of March 1835; and on the 25th of said February delivered the same to the defendant, who was then one of said constables, to be duly executed and returned; yet that the defendant utterly neglected and refused to return the same.

At the trial in the court of common pleas, the plaintiff called Isaac O. Barnes Esq., as a witness, who testified that he formerly practised law in Lowell, as a partner of T. Wentworth Esq., the attorney of the plaintiff in this suit; that in the book called a docket, (which was produced in court,) in which said Barnes & Wentworth kept the entries of their suits, the following memorandum was made in the hand writing of the witness: " On nonsuit, Dec. T. 1834. Execution Feb. 16 1835. Del. Shed Feb. 25 1835." The witness testified that he had no recollection whatever about making the memorandum, or deliv

ering the execution to said Shed, or of any thing relating thereto ; that he left Lowell soon after making said memorandum, and had not seen the book since, until it was brought into court ; but that he should not have made the entry, had he not delivered the execution to said Shed, or known of its being so delivered.

The defendant objected to the admission of this evidence to prove the delivery of the execution to him ; but the objection was overruled. This was all the evidence, on this point, offered by the plaintiff.

The defendant relied, among other things, on the statute of limitations. He called, as a witness, the officer who served the writ in the present action ; and he testified that he believed ne served it on the day when he received it; and that he " recollected this fact from a conversation he had with the defendant at the time of serving the writ." He further testified, that the plaintiff's attorney, who made the writ and delivered it to him for service, had his office in the same building with him, (the witness.)

Upon this evidence, the defendant contended that the time which elapsed between the date and the service of the writ was sufficient to cast the burden of proof upon the plaintiff to show that the writ was made with an intention of immediate service ; and that, without such proof, the statute of limitations barred this action ; six years having expired before the delivery of the writ to the officer. But " the court charged the jury, that the burden of proof was still upon the defendant to show that the action was barred ; and that if they came to the conclusion that the writ was made at the time it bore date, with an- intention to cause it to be seasonably served on the defendant, before the term to which it was returnable, the commencement of the action was at the date of the writ."

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*Knowles,* for the defendant. 1. As the plaintiff's attorney who made the writ, and the officer who served it, occupied the same building, and the writ, though dated only a day or two

before the action was barred by the statute of limitations, was not delivered for service until twelve weeks after its date, and no reason is shown for the delay, the action should not be held to have been commenced till the writ was served. See *Parkman* v. *Crosby*, 16 Pick. 301. Rev. Sts. *c.* 120, § 11. If this action was seasonably commenced, then three or six months, according to the length of a vacation, may always be added to the six years which the statute makes a bar. Suppose this action had been against a sheriff for the default of his deputy, who, after the time during which the sheriff was liable for him had expired, had settled his accounts, and procured his bond to be cancelled; could a sheriff be made liable in such case, except by an entire evasion of the statute of limitations?

2. The testimony of Barnes should not have been admitted. He did not remember either that he made the memorandum, or that he delivered the execution to the defendant, and therefore his testimony proved nothing more than would have been proved by any other person acquainted with his hand writing. If a witness cannot, from recollection, speak to a fact, only as he finds it in a written entry, his testimony will amount to nothing. 1 Phil. Ev. (4th Amer. Ed.) 289. *Doe* v. *Perkins*, 3 T. R. 752. The book, in which the entry was made, is neither a public record nor an account book; nor is the matter of the entry a subject of book charge.

*Wentworth*, for the plaintiff, as to the first point, cited *Gardner* v. *Webber*, 17 Pick. 407, and *Ford* v. *Philips*, 1 Pick. 202; and as to the second point, *North Bank* v. *Abbot*, 13 Pick. 465, and the cases there referred to; *Washington Bank* v. *Prescott*, 20 Pick. 339; *Shove* v. *Wiley*, 18 Pick. 558

DEWEY, J. The evidence as to the delivery of the execution to the defendant was competent evidence. The book or register produced may not be entitled to the same degree of credit as the book of an officer of a bank, containing memoranda of notices to makers and indorsers of promissory notes discounted at the bank, or placed there for collection. Such books have an established character as evidence, and, as was held in cases cited by the plaintiff's counsel, may be used in case of the death or the

absconding of the person making such entries. The entry now relied upon may be well sustained without attributing so much weight to the register itself. It is sufficient for the present case to say, that it derives its efficacy from, and is made competent evidence by, the oath of the person who made the entry; not, indeed, testifying directly that he has any recollection of the fact stated in the registry, but from his statement, on oath, that he should not have made the entry upon the register, if he had not delivered the execution himself, or known such delivery to have taken place. *Shove* v. *Wiley*, 18 Pick. 558.

Upon the other point also, we think the ruling of the court was correct. The making of the writ was, *primâ facie*, the commencement of the action. *Gardner* v. *Webber*, 17 Pick. 407. The date of the writ was, therefore, in the first instance, to be taken as the period from which the computation of the six years was to be made. Such writ must have been made with the intention to have the same seasonably served, and the delay in procuring such service, in the present case, was proper evidence for the consideration of the jury; but this fact imposed no new burden on the plaintiff. The whole matter was properly left to the jury to consider, and under such instructions as seem to us conformable to law.

*Exceptions overruled.*